IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Power Energy Corporation, a North Dakota Corporation; Altschuld Oil, L.L.C., a Colorado Limited Liability Company; Copperhead Corporation, a North Dakota Corporation; Strata Resources, Inc., a Colorado Corporation; Michael S. Johnson, a Colorado Resident; Michael T. Fitzmaurice, a North Dakota Resident; Patrick L. Butz, a North Dakota Resident; and Jacques F. Butz, a North Dakota Resident,<br><br>        Plaintiffs,<br><br>vs.<br><br>Hess Bakken Investment II, L.L.C., a Delaware Limited Liability Company,<br><br>        Defendant. | **ORDER DENYING MOTION TO DISMISS**<br><br>Case No.: 1:17-cv-093 |

Before the court is a "Motion to Dismiss for Failure to State a Claim" filed by defendant Hess Bakken Investment II, L.L.C. ("Hess Bakken"). For the reasons set forth below, the motion is denied.

**I.    BACKGROUND**

While somewhat difficult to navigate, the following appears to be the essence of what plaintiffs allege in their amended complaint:

- On July 8, 2004, Altschuld Oil, L.L.C. ("Altschuld Oil"), Power Energy Corporation ("Power Energy"), and Copperhead Corporation ("Copperhead") sold numerous oil and gas leases in western North Dakota to Prima Exploration, Inc. ("Prima Exploration"), Gunlickson Petroleum, Inc., Niwot Resources, LLC, Cordillera

1

Energy Partners II, LLC, Berry Ventures, Inc., and Strata Resources, Inc. Hereinafter, the sellers will be referred to collectively as the "Altschuld Group," the purchasers collectively as the "Prima Group," and the sale agreement as the "Altschuld Agreement." The Altschuld Agreement included an Area of Mutual Interest Clause ("Altschuld AMI"). The Altschuld AMI stated if the Prima Group acquired additional oil and gas leases within the AMI's described lands that the Prima Group would in certain instances assign the Altschuld Group an overriding royalty.

- On the same day, July 8, 2004, Strata Resources, Inc. ("Strata") entered into a similar agreement selling oil and gas leases in western North Dakota to the Prima Group (hereinafter referred to as the "Strata Agreement"). The Strata Agreement also included an Area of Mutual Interest Clause ("Strata AMI") that required the Prima Group to in certain instances assign Strata an overriding royalty if additional oil and gas leases were acquired within the AMI's described lands.

- In April 2005, Prima Exploration acquired on behalf of the Prima Group Federal Lease NDM-94456 ("Federal Lease") covering Township 155 North, Range 90 West on portions of Sections 6, 27, 28, and 33 in Mountrail County, North Dakota. The Federal Lease became effective on May 1, 2005.

- The Altschuld Agreement and the Strata Agreement each contained language recognizing the other agreement and the net effect of the contract language of both Agreements as applied to the Federal lease was the Altschuld Group and Strata collectively were entitled to a 3% overriding royalty on the production from the

Federal Lease.

- In May 2007, the Prima Group sold various oil and gas interests to Hess Corporation ("Hess"). The sale included the Federal Lease burdened by a 3% overriding interest in favor the Altschuld Group and Strata.

- Hess Bakken has succeeded to the interests Hess acquired from the Prima Group, including the Federal Lease, and Hess Bakken cannot avoid the obligation to honor the 3% overriding interest on the production from the Federal Lease owed the Altschuld Group and Strata based on a claim by it or Hess that they were not aware of the overriding interest and were otherwise good faith purchasers for value. This in part is because there were several documents and records that Hess necessarily reviewed or obtained the possession of that referenced the 3% overriding interest.

Based on these allegations, plaintiffs ask for a declaration that they have a 3% overriding royalty in the production from the Federal Lease. They also ask for an accounting for all amounts owed to them on past production under the Federal Lease.

## II. DISCUSSION

Hess Bakken has moved to dismiss plaintiffs' amended complaint based upon the sole grounds that plaintiffs' action is untimely. While normally a motion pursuant to Fed. R. Civ. P. 12(b)(6) is limited to testing the sufficiency of the complaint and the claim that an action is untimely is an affirmative defense, Eighth Circuit case law provides that a defendant can seek the dismissal of a claim pursuant to motion brought by Rule 12(b)(6) without first answering, if the defense is clearly established by what is alleged in the complaint. See, e.g., Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011) ("As a general rule, the possible existence of a statute of

limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.") (internal quotations and citing authority omitted).

Here, Hess Bakken has not attempted to argue that the face of the amended complaint is sufficient to establish the affirmative defense of statute of limitations. Rather, to support its argument, Hess Bakken relies upon provisions of the agreements and instruments referenced in the complaint, but not attached as exhibits, to support its contentions that (1) the only possible claim that plaintiffs have is for breach of an agreement to assign the 3% overriding royalty claimed by plaintiffs (even though plaintiffs' claims appear to be broader than that), and (2) the claim for breach of contract is untimely. Hess Bakken argues that the court can consider the text of the agreements and instruments accompanying its motion based on Eighth Circuit case law holding that materials embraced by the pleadings or that are of a matter of public record and whose authenticity is not subject to question may in the court's discretion be considered. See, e.g., Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 (8th Cir. 2012) ("'When considering . . . a motion to dismiss under Fed.R.Civ.P. 12(b)(6)[ ], the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.'") (quoting Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir.1999)).

More particularly, Hess Bakken's argument for the fact that plaintiffs' breach of contract claim is untimely is the following:

- The applicable statute of limitations for breach of contract is either the six-year statute of limitations in N.D.C.C. § 28-01-16(1) that applies to claims for breach of contract not otherwise provided for or the ten-year statute of limitations in § 28-01-

4

15(2) that applies to contracts contained in any conveyance, mortgage, or other instrument affecting title to real property.

- Plaintiffs knew or should have known[1] by at least March 28, 2006, that the Prima Group had allegedly breached its agreement to provide a 3% overriding royalty with respect to the Federal Lease. This is the date Prima Exploration recorded a March 12, 2006 assignment of the 3% overriding interest to the Altschuld Group and Strata with respect to Section 6 of the Federal Lease, but not with respect to the remaining sections. Even applying the longer ten-year statute of limitations, this would render plaintiffs' lawsuit untimely since plaintiffs' original complaint was not filed until May 8, 2017.

Hess Bakken might very well be right as to when plaintiffs knew or should have known that the Prima Group had failed to assign them the 3% overriding interest with respect to all of the land covered by the Federal Lease. However, the court is hesitant to reach that conclusion based on a motion to dismiss given the sparsity of the record, even assuming the propriety in this instance of relying upon the documents Hess Bakken has tendered in support of its motion. Here, the Federal Lease was acquired by the Prima Group and not by the plaintiffs and the only thing offered by Hess Bakken suggesting when plaintiffs might have known about the existence of the Federal Lease is a copy of the recorded March 12, 2006 partial assignment of the 3% overriding interest, which, on its face, contains information suggesting it was recorded by Prima Exploration and not by plaintiffs. And, while it may be likely that plaintiffs were provided a copy of that assignment at about the time

---

[1] Hess Bakken assumes without conceding that the "discovery rule" would apply under North Dakota law with respect to when the relevant statute of limitations began to accrue.

it was made and recorded, that does not necessarily have to be the case. That is, it is not inconceivable that the person handling lease matters for Prima Exploration may have decided that there needed to be an assignment of the overriding royalty interest and prepared and recorded the document without sending a copy to all who were entitled to receive the interest. Further, the court does not believe that plaintiffs would have been obligated to constantly monitor the recordings in the courthouse to see if documents relating to their contractual rights to receive additional overriding royalties under the AMIs had been recorded.

Apart from the sparsity of the record, plaintiffs have argued in response to Bakken Hess's motion to dismiss that Bakken Hess is estopped from relying upon the statute of limitations of defense because of certain communications that a representative of one or more of the plaintiffs had with Hess Bakken as reflected in an affidavit accompanying the response, including a number of attached emails. Plaintiffs claim the person acting on their behalf was led to believe by persons acting on behalf of Hess Bakken that it had recognized plaintiffs' right to a 3% override in all of the lands covered by the Federal Lease and was prepared to execute an appropriate assignment until it changed its mind and refused to do so. Plaintiffs claim it was because of this that they held off seeking legal recourse. See, e.g., Matter of Helling, 510 N.W.2d 595 (N.D. 1994) (upholding the trial court's determination that promises of repayment of a promissory note in that instance were sufficient to equitably estop the invocation of the bar of the statute of limitations).

Hess Bakken makes several arguments in reply. First, Hess Bakken claims that plaintiffs were not entitled to rely upon the evidence they submitted because it was outside of the complaint. But here, short of anticipating Hess Bakken raising the affirmative defense of statute of limitations and pleading more in anticipation, this was the only way to raise the issue of estoppel.

As a matter of fairness, the court believes it has two options a this point. One would be to allow plaintiffs to further amend their complaint to add the necessary allegations upon which they would rely to avoid the statute of limitations defense and then reconsider the motion at some point. See Rumpz v. American Drilling & Testing, Inc., No. 09-10971, 2009 WL 3464826, **5–6 (E.D. Mich. Oct. 23, 2009) (concluding that plaintiffs should not have been required to anticipate defendant's defense of statute of limitations in their complaint and holding the motion to dismiss in abeyance pending the filing of amended complaint that would set forth the basis for plaintiff's claim of estoppel). The other would be to deny the motion to dismiss now without prejudice and allow Hess Bakken to revisit the matter after it has asserted the defense in its answer and there has been time for factual development and discovery. See A. Miller, M. Kane, & A. Spencer, 5 Fed. Prac. & Proc. Civ. § 1226 & n.7 (3d ed. last updated April 2019) (discussing that this is the other option and citing authority where courts have deferred consideration of a statute of limitations defense until the summary judgment stage). In this instance, the court chooses the latter based upon its belief that further factual development and discovery is likely required in this instance to resolve the estoppel argument and also because the statute of limitations may not be a complete defense as explained later.

Hess Bakken's other arguments are that (1) the evidentiary material proffered by plaintiffs is legally insufficient to give rise to a claim for estoppel (that is, what the representatives of Hess Bakken stated could not reasonably have lulled plaintiffs' purported representative into complacency), and (2) even if there is a time period during which the conduct of Hess Bakken's representative might give rise to an argument for estoppel, it was only for a short period of time and the statute of limitations would have run anyway. But now we are getting far afield from the

7

principal issue to be determined here, which is whether plaintiffs have stated a claim for relief. Further, after reviewing the material submitted by plaintiffs, the court is not prepared at this juncture to conclude there is no plausible basis upon which plaintiffs could succeed on their estoppel argument. And, it would be incongruous for the court now to require more with respect to Hess Bakken's affirmative defense than what plaintiffs need to state a claim.

Finally, Hess Bakken's motion to dismiss based upon statute of limitations is predicated upon its contention that the only claim that plaintiffs have is for breach of contract in failing to convey a 3% overriding interest in the production from the lands covered by the Federal Lease. While the amended complaint is not a model of pleading, plaintiffs also appear to claim they have acquired the 3% overriding royalty and do not need a further assignment from Bakken.[2] At this point, the court is not prepared to conclude there is no basis upon which plaintiffs might prevail upon such a claim.[3] And, if plaintiffs have an argument that they have acquired the 3% overriding royalty interest and do not now need an assignment from Hess Bakken, then the statute of limitations, if applicable, may simply limit the time period that plaintiffs are entitled to payment of the overriding royalty on past production but not foreclose the claim altogether.

In summary, the court concludes it not clear from what it is entitled to consider at this stage of the proceedings that Hess Bakken necessarily must prevail upon its affirmative defense of statute

---

[2] The essential function of the complaint is to give fair notice of the nature and basis for what is being claimed. "[A] complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848–49 (8th Cir. 2014) (internal quotations and citing authority omitted).

[3] The court must allow a claim to proceed that crosses the threshold of being plausible even if it believes "that actual proof of the facts alleged improbable, and that a recovery is very remote and unlikely.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

8

of limitations such that it entitled to a dismissal of the complaint.

### III.     ORDER

Hess Bakken's motion to dismiss (Doc. No. 28) is **DENIED WITHOUT PREJUDICE** to it raising the defense of statute of limitations in its answer.

**IT IS SO ORDERED**.

Dated this 19th day of June, 2019.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge